**HARMON, Plaintiff-Appellee, v. LIBERTY CABS, INC., Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2052. Decided December 1, 1949.

Wasserman & Talbot, Dayton, for plaintiff-appellee.
Curtner & Brenton, Dayton, for defendant-appellant.

## OPINION

By MILLER, PJ:

This is a law appeal from the Common Pleas Court of Montgomery County, Ohio. The errors assigned are all based upon the insufficiency of the evidence introduced on behalf of the plaintiff. The action was one for damages arising out of a collision between two automobiles being operated by the parties hereto. The sole issue presented is whether the

plaintiff offered sufficient proof to establish his ownership of the automobile he was driving and which was damaged in the collision. No certificate of title was offered in evidence to establish the plaintiff's ownership. The appellant relies solely upon the recent case of **Mielke v. Leeberson, 150 Oh St 528,** which provides:

"Under the plain and unambiguous language of §6290-4 GC, a court cannot recognize the right, title, claim or interest of any person in or to any motor vehicle, without the production of a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the Certificate of Title Law, and any other evidence of ownership is not of sufficient weight to sustain a verdict or judgment where title must be proved as a condition precedent for the validity of such verdict or judgment."

The appellee contends, and we thing rightly so, that the law announced in the case of Mielke v. Leeberson, supra, has no application as the pleadings and a stipulated agreement entered into at the time of the trial and made a part of the record admits the ownership of the automobile to be in the plaintiff. If this is true no evidence of ownership was required. An examination of the pleadings discloses that the petition alleges that "* * * he (the plaintiff) was driving his 1938 DeSoto, License No. 706 UR." The material averments of the answer are as follows:

"Comes now the defendant and for its defense to the petition of the plaintiff herein filed, admits its incorporation as alleged; that on or about the time, date and place an accident occurred wherein the automobile of plaintiff struck the automobile of the defendant.

"Further answering, defendant denies that it was guilty of any negligence in any respect or respects, demanding strict proof thereof."

The defendant also filed a cross-petition which states:

"* * *; that at said time and said place the plaintiff was operating his said automobile * * *.

"As a direct result of the negligence of the plaintiff hereinabove stated, plaintiff's automobile was propelled into the automobile of the defendant, * * *."

It will be noted that the answer admits that the **automobile of the plaintiff** struck that of the defendant. The appellant

contends the meaning of this to be that the automobile the plaintiff was driving struck the defendant and should not be construed to refer to the ownership of the automobile. We are unable to place such construction upon these words, as we construe them to constitute an admission of plaintiff's ownership.

Next examining the cross-petition, there is an admission of plaintiff's ownership in two separate instances, to wit: (1) "Plaintiff was operating his said automobile"; (2) "Plaintiff's automobile was propelled," etc.

It should be further noted that the answer is not a general denial, but a special one. The only denial contained therein is that of any negligence on the part of the defendant. Every material allegation of the petition not controverted by the answer shall be taken as true, except as to value or the amount of damages. **Sec. 11329 GC.** Since the answer does not deny the plaintiff's ownership of the automobile as set forth in the petition, this fact must be deemed to be admitted by the defendant, it being a material allegation.

A further admission of plaintiff's ownership of the automobile is found in the following agreed stipulation of facts: "And the defendant will admit that plaintiff was damaged in that amount ($505.50)". The only purpose a certificate of title could serve would be to establish ownership of the car. Since this was established by the defendant's admissions it could have served no useful purpose. We find no error in the record and the judgment is affirmed.

HORNBECK and WISEMAN, JJ, concur.

#### ON APPLICATION FOR REHEARING

No. 2052.  Decided December 9, 1949.

By THE COURT:
The application for a rehearing is denied for the reasons set forth in our recent opinion.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.